

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

March 13, 1959

Honorable W. S. Heatly, Chairman
House Appropriations Committee

Honorable W. S. Fly, Chairman
Senate Finance Committee
Austin, Texas

Opinion No. WW-573

Re: Whether a general appro-
priations act may appro-
priate or transfer moneys
from "Special Purpose" Funds
so dedicated by the Constitu-
tion or by statutes, to other
state departments and to the
General Revenue Fund in order
to finance auxiliary services
directly benefiting such
"Special Purposes".

Dear Messrs. Heatly and Fly:

Your request for an opinion reads in part as follows:

"Briefly, that question is whether a
general appropriations act may appropriate
or transfer moneys from 'Special Purpose'
Funds so dedicated by the Constitution or
by statutes, to other state departments and
to the General Revenue Fund in order to fi-
nance auxiliary services directly benefiting
such 'Special Purposes'.

"Our question can be made more explicit
by citing specific examples.

"1.  In Article III at page 5 of H.B.
216 and S.B. 42 referred to our Committees,
under item 16 there are suggested certain
appropriations from special funds therein

specified, to finance legal counsel and services by the Attorney General's Office. As you know, these suggested appropriations are fully supported by administrative agreements. However, are the appropriations proposed under item 16 fully valid under the pertinent statutes; or do they represent, in effect, an attempt to amend general statutes by an appropriations act provision? In this connection, Attorney General's Opinion No. V-1304, dated October 8, 1951, may be pertinent.

"2. In Article III at page 65 of the identical bills before our Committees, item 23 proposes to transfer $150,000 a year from the State Highway Fund to the General Revenue Fund. The stated purpose of the transfer is to reimburse the General Revenue Fund for services rendered the Highway Department and the state highway program by the Board of Control through its purchasing procedures; by the Comptroller of Public Accounts in its accounting for receipts and in related services to the Highway Fund and program; by the Treasurer in its custody of highway funds, its collection and crediting of depository interest due the Highway Fund; by the Attorney General's Office in its legal services, other than on right-of-way acquisition, rendered to the Highway Department and its program.

"Is the contemplated transfer consonant with Article VIII, Section 7, of the Constitution which dedicates motor fuel tax receipts to the construction and maintenance of highways? In this connection, Attorney General's Opinion addressed to Dr. H. Y. Benedict, then president of the University of Texas, in Book 374 at page 727, may be pertinent.

"3. Although statutory rather than constitutional provisions appear to be involved, the pending bill proposes 'service transfers' for reasons identical to those in example 2 above, in the case of certain professional and occupational licensing funds. Such instances appear in the bill, however, only when the applicable statutes make no provision for the transfer of stipulated amounts or bal-

ances, from such special funds to the General
Revenue Fund.

"Instances of such proposed 'service
transfers' appear in Article III at page
26, item 5, for the Game and Fish Commis-
sion; page 80, item 9, for the Board of
Registration of Professional Engineers;
page 102, item 8, for the Board of Dental
Examiners; page 98, item 8 for the Board
of Barber Examiners; page 99, item 7 for
the Board of Basic Science Examiners;
page 105, item 6, Board of Medical Examin-
ers.

"Should you find affirmatively on the
basic question, any suggestion you might
make for improving the language of such
provisions will be appreciated by our Com-
mittee."

Item 16 of the appropriation to the Attorney Gen-
eral's Office creates a special fund known as the Attorney
General's operating fund into which the Comptroller is au-
thorized to transfer the funds appropriated by Item 16,
namely the Liquor Act Enforcement Fund, the Medical Regis-
tration Fund, the Special Game and Fish Fund, the Veterans
Land Board special fund, the Insurance Agents License Fund
No. 85, and the Department of Corrections fee account, the
particular language being as follows:

"Out of Attorney General's Operating Fund:

"The Comptroller is hereby authorized
and directed to transfer the funds herein-
after appropriated to the Attorney General's
Office into a special fund in the State
Treasury to be known as the Attorney Gener-
al's Operating Fund, and all transfers, de-
posits and balances in the Attorney General's
Operating Fund are hereby appropriated for
the necessary salaries, wages, traveling and
operating expenses, including professional
services involved in performing the legal re-
sponsibilities of the Attorney General's Of-
fice.  No salaries paid from this fund shall
exceed those authorized for similar work in
the Attorney General's Office.  Where there
is not a similar position in the Attorney Gen-
eral's Office, then it shall be within the dis-
cretion of the Attorney General as to the sal-

ary that shall be paid the individual who performs such duties, not to exceed the salaries in Item 3 (Class IV Attorneys)."

Item 23 of the appropriation to the Texas Highway Department makes an appropriation as follows:

"In addition to the appropriations and purposes set forth above, there is also appropriated out of the State Highway Fund for each year of the biennium beginning September 1, 1959, sufficient moneys to compensate the General Revenue Fund for services rendered to the Highway Department by other administrative departments financed out of that fund and the Comptroller shall transfer to the General Revenue Fund the following fixed amounts."

Item 9 of the appropriation to the Board for Registration for Professional Engineers provides as follows:

"For the purpose of reimbursing the General Revenue Fund for services rendered by Administrative and service departments financed from that fund, there is also appropriated and the Comptroller shall transfer from the Professional Engineers' Fund (No.56) to the General Revenue Fund during each year of the biennium beginning September 1, 1959, the sum of . . ."

Item 8 of the appropriation to the Board of Barber Examiners provides as follows:

"For the purpose of reimbursing the General Revenue Fund for services rendered by administrative and service departments financed from that fund, there is appropriated and the Comptroller shall transfer from the Barber Examiners Fund (No. 40) to the General Revenue Fund during each year of the biennium beginning September 1, 1959, the sum of . . ."

Other service transfers contain similar language.

Therefore, your request is properly divided into two categories:

a.  Item 16 of the appropriation to the Attorney General creating the "Attorney General's operating fund".

b.  The "service transfers".

a.   Item 16 of the appropriation to the Attorney General.   As regards to Item 16 of the appropriation to the Attorney General's Office, it is our opinion that the validity of such appropriation is governed by the principles of law announced in Attorney General's Opinions WW-544 (1959) and WW-557 (1959).   In WW-544 it is stated that the Legislature may provide the purposes for which a statutory special fund may be expended and that it is the duty of the Comptroller to keep special statutory funds in a separate account from all other funds to be expended only for those purposes authorized by the Legislature.   In Attorney General's Opinion WW-557, it was held that the moneys appropriated from a special statutory fund, to-wit: "The Medical Registration Fund may be expended for any travel by any employee of the office of the Attorney General when traveling on official business in the enforcement of the Medical Practice Act."

The Legislature cannot by rider in the appropriation bill amend a general law.   Attorney General's Opinion V-1304 (1951).   Therefore, the Legislature cannot transfer special funds to the General Revenue Fund by an appropriation bill without first amending the general law creating the special fund. The Legislature does have the power, however, to transfer statutory special funds to the General Revenue Fund by a general law without violating the provision  of Section 7 of Article VIII of the Constitution of Texas, relating to the diversion of special funds.  Gulf Insurance Company v. James, 143 Tex. 424, 185 S.W.2d 966 (1945); Attorney General's Opinion WW-544 (1959).

Item 16 to the appropriations to the Attorney General appropriates money for the purposes authorized by the general law and it keeps such special funds in a separate account to be expended only for the purposes authorized by the Legislature by general law.   Since the appropriation is neither contrary to any constitutional provision nor to the general law, it is our opinion that such item of the appropriation bill is constitutional.

b.   "Service transfers".   As noted above, the Legislature cannot transfer moneys set aside by general law for a specific statutory purpose to the general fund by the general appropriation bill without first amending the general law.

Transfer of constitutional funds could only be accomplished by a constitutional amendment in view of the provisions of Section 7 of Article VIII of the Constitution of Texas. Carroll v. Williams, 109 Tex. 255, 202 S.W. 504 (1918).

It is obvious from the wording of the items designated in your request as "service transfers" that the Legislature is not attempting to divert the purpose for which the funds were created to the general revenue fund. On the contrary, it is attempting to cause the expenses incurred by various agencies of the executive department of government in the enforcement of the Acts creating the special funds, to be paid from the funds created for the purpose of carrying out such expenses rather than the general revenue fund. The wording of these items, however, makes a lump sum transfer which will result in the special funds being expended for general purposes rather than being expended for the specific purpose for which they were created. Therefore, such items as worded would be invalid since they are contrary to the general law.

In response to the last paragraph of your request relative to suggestions this office might make, you are advised that the Legislature may carry out its intended purpose in one of two alternative methods.

First, the Legislature can amend the general law creating each special fund so as to authorize a transfer of designated amounts to the general fund, as determined by the Legislature.

Second, the Legislature may provide in the General Appropriation Bill a method for the reimbursement to the General Revenue Fund by establishing the machinery for a factual determination of the value of the services rendered by administrative and service departments, or the actual cost of the services rendered. This may be accomplished by designating the Legislative Budget Board or the Governor or some other agency designated by the Legislature, and, after a factual determination, the authority to execute the proper certification of the value of the services rendered. The Comptroller should then be given authority to transfer from the Special Fund to the General Revenue Fund upon such a certificate.

## SUMMARY

The Legislature cannot divert the purpose for which funds are created by items or riders in the General Appropriation Bill without first amending the general law creating the special fund. The Legislature may provide in the General Appropriation Bill for the reimbursement to the General Revenue Fund for services rendered by

the administrative and service depart-
ments financed from the General Revenue
Fund, provided that a method is prescribed
therein for making a factual determination
of the value of the services rendered by
administrative and service departments,
or the actual cost of the services rendered
by the administrative and service depart-
ments financed from the General Revenue
Fund.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *John Reeves*
John Reeves
Assistant

JR:rm:mfh:zt

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

Jack Goodman
Riley Eugene Fletcher
Robert Lewis

REVIEWED FOR THE ATTORNEY GENERAL
BY: W. V. Geppert